330

PILAR SÁNCHEZ, Plaintiff and Appellee-Appellant, *v.* COOPE-
RATIVA AZUCARERA "LOS CAÑOS," Defendant and Appellant-
Appellee.

No. 9244. Argued April 5, 1946.—Decided June 24, 1946.

*Félix Ochoteco, Jr.,* and *Luis E. Dubón* for appellant-appellee.
*Eduardo Pérez Casalduc* for appellee-appellant.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Plaintiff is the owner of a rural property devoted to the planting of sugar cane. On May 1, 1943, while defendant's locomotive was pulling 25 cars loaded with cane belonging to the plaintiff to be ground at the defendant's factory, a spark escaped from the engine's chimney setting fire to a cane plantation of 37.47 acres which formed part of plaintiff's property. The latter presented an extrajudicial claim of $4,144.32 for damages sustained by reason of the fire. The defendant then authorized Héctor González, its manager, to discuss the claim with Vitaliano García, plaintiff's representative and manager of the property, on condition that any, agreement which they might reach would be submitted to the consideration of the Board of Directors of the defendant, which reserved the right to accept or refuse it. The representatives of both parties met and agreed that the damages claimed amounted to $2,625. Upon submitting this agreement to the defendant, the latter rejected it and offered a smaller sum which was refused by the plaintiff, whereupon this action was brought. Under the cause of action alleged, the original complaint prayed for judgment ordering the defendant to comply with the stipulation agreed between the parties, which stipulation, as we have seen, was not binding on the defendant. Subsequently the complaint was amended. Construing it liberally, it may be concluded that the action

set up in the amended complaint is for damages, but the amount sought therein was the same amount claimed in the original complaint, that is, $2,625.

The district court rendered judgment for plaintiff in the amount of $2,190 plus costs and $150 for attorney's fees. The lower court stated in its opinion that the amount of the judgment included the following items of damages: -(1) Decrease in the production of the cane due to. the fire; (2) decrease of the subsidy granted by the A.A.A.; (3) excess in the payment of wages for cutting the cane burned. Defendant upon being notified of the judgment, moved the court to make additional findings of fact, specifying what part of the judgment corresponded to each of the three items for damages mentioned above and to state further the amount of cane on which it based its computation. The plaintiff in turn moved that the judgment be amended by raising the amount to $2,625 as prayed in the complaint. The court did not change the amount awarded but divided the $2,190 in the following items: decrease in production, $1,400; loss of subsidy from the A.A.A., $560; and excess in payment of wages by reason of the fire $230. It further stated that it had accepted 27,838.60 hundredweight as the amount of cane burned.

Both parties appealed. The defendant assigned five errors. Following the logical order we shall discuss in the first place the alleged prescription of the action, inasmuch as if it is barred it will be unnecessary to consider the other four assignments.

Defendant argues that, since § 8 of the Civil Code provides that in speaking of months it shall be understood that they consist of 30 days, and since there is no provision referring to years and the year has 12 months, it should be understood that it consists of 360 days. Defendant concludes, therefore, that since the fire took place on May 1, 1943, at the time of filing the original complaint on April 28, 1944,

362 days had already elapsed from the time the damage was caused and, consequently, the action was barred.

The question is not novel in this court. It was decided adversely to defendant's contention in *Ortiz* v. *Am. Railroad Co.*, 62 P.R.R. 171, 177, where it was held that for the purpose of prescription a year should be understood to have 365 days. Since 365 days had not elapsed from the time that the plaintiff learned of the damage on May 1, 1943, until April 28, 1944, when the original complaint was filed, the action was not barred. In the event its contention that one year consists of 360 days be overruled, the defendant urges that, since the cause of action set forth in the original complaint was for specific performance of the contract of compromise, and the action averred in the amended complaint filed on June 6, 1944, was one for damages, when the said amended complaint was filed, the action for damages was barred by prescription, even if we hold that the period of one year consists of 365 days.

We grant that in the amended complaint a different cause of action was alleged from that set up in the original complaint. Although in both the original and the amended complaints the action set up was entitled "Compensation for Damages," there is no doubt that, even under the same name, they alleged two different causes of action. The one averred in the amended complaint was for damages due to negligence, while in the original complaint the pleading was predicated upon a contract of compromise. Pursuant to the provisions of the Code of Civil Procedure, the effect of the amended complaint, under the circumstances of the present case, was not retroactive to the date of the original complaint. But under the Rules of Civil Procedure in force when this action was commenced the law is different. To this effect Rule 15(c) provides:

"*Retroactive Effect of Amendments:* Whenever the claim or defense asserted in the amended pleading arose out of the conduct,

transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

According to the rule copied above, the test to determine whether an amended pleading is retroactive to the date of the original pleading is not whether the amended pleading sets up a cause of action different from the one alleged in the original pleading. The real test is whether the amended pleading grows out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, it making no difference whether the claim set up in the amended pleading is sought under a theory of law different from the one under which the claim was made in the original complaint. Moore Fed. Pr., vol. 1, § 15.08, p. 810; Commentary, Relation Back of Amendments to Pleadings After Statute of Limitations Has Run, 2 Fed. Rules Serv. 15c. 1.

In the present case it appears from the original as well as the amended complaint that the conduct, occurrence, or transaction relied on for the actions alleged in both complaints, was the fire in the cane plantation belonging to the defendant, caused by a spark which escaped from the chimney of defendant's locomotive. Under these circumstances, the effect of the amended complaint is retroactive to the date of the original complaint, and since the latter was filed within the year of prescription, we feel bound to conclude that the action was not barred at the time the amended complaint was filed.

Another error assigned by the defendant relates to the finding that the decrease in the yield of 27,838.60 hundredweight of cane amounted to $1,400. Plaintiff's evidence on this point was to the effect that the loss amounted to $1,285 without specifying the elements which she took into account for determining this amount. Defendant's evidence revealed that the loss for that item amounted to $1,064. But as we have seen, the court appraised it in $1,400, which amount exceeded plaintiff's as well as defendant's claim.

The conclusion of the court is clearly contrary to the evidence and therefore it is erroneous. The amount of $1,285, which according to plaintiff's evidence is the value of said item, was determined arbitrarily. This item was so fixed in order that the whole claim should reach the sum of $2,625, this being the amount to which plaintiff's and defendant's representative, in their offer of compromise, reduced the extrajudicial claim of $4,144.32. However, defendant's appraisal computed by its expert is based on two facts. He assumed that the cane burned weighed 27,838.60 hundredweight, a fact which was accepted by both parties. He relied on an element which both parties accepted, that is, that the average sugar yielded by cane under normal conditions is equivalent to 10.30 per cent of its weight. Hence he determined the sugar which would have been yielded by the 27,838.60 hundredweight of cane if they had not been burned, that is, 2,867.38 hundredweight of sugar. But since the cane burned actually yielded 2,334.27 hundredweight of sugar, the difference between the sugar that should have been yielded if it had not been burned and the one actually obtained was 533.11 hundredweight. Of these 533.11 hundredweight of sugar 63 per cent would have belonged to the plaintiff, that is, 335.86 hundredweight. By multiplying this amount by $3.14, which was the price of the sugar during the fortnight that the cane was ground, we have a total of $1,054.60. To this we must add $10 for the two-cents adjustment in the liquidating price making a total of $1,064.60, the loss which on account of the decrease in yield was sustained by the plaintiff by reason of the fire. The item of $1,400 fixed by the court should be reduced to $1,064.60.

Defendant urges that the court erred in adjudging it to pay $560 for the decrease in the subsidy granted under the Act of Congress of the United States entitled "Sugar Act of 1946," as amended.[1] According to said Act, the sub-

---

[1] The subsidy was paid through the A.A.A.

sidy was eighty cents for each hundredweight of sugar produced by the "colono," provided that its total production should not exceed 350 hundredweight of raw sugar. Since in the present case the total loss in the production of sugar was 533.11 hundredweight, a simple arithmetical operation will show that the plaintiff failed to receive, as subsidy, the amount of $426.49. Therefore the error assigned was committed. Consequently, the item of $560 fixed by the court should be reduced to $426.49.

■ Another error assigned by the defendant is that the court awarded to the plaintiff the amount of $230 for excess in the payment of wages which she paid for the cutting of burned cane.

Vitaliano García, plaintiff's representative, testified that the overpayment of wages amounted to $739.51. The evidence discloses that the cutters of cane, at the time of the fire, earned $1.80 daily and when the cane was burned they earned $2.40 daily, that is 33 per cent over the regular wages. Defendant's evidence revealed that this increase of wages was counterbalanced by an increase in the efficiency of the workman in cutting the burned cane, which efficiency he calculated in 33 per cent. This contention of the defendant was partially corroborated by plaintiff's overseer who testified that the increase in the efficiency of the workman in cutting burned cane should be calculated in about 25 per cent. The court did not fully believe the testimony of Vitaliano García, and reduced this item to $230. But if we examine the evidence we feel bound to agree with the defendant that the court in fixing that or any other amount was not supported by the evidence or the pleadings. In order to fix this item for damages, if it really existed, it was necessary for the court to know the amount which plaintiff paid as wages for the cutting of burned cane. Since this fact does not appear from the evidence, in the absence thereof, any amount awarded to the plaintiff for said item is arbitrary and speculative. The mere fact that plaintiff may have sustained losses

does not entitle her to compensation, for in order to obtain it, she must furnish the court with the basis for determining the amount thereof. *Boria* v. *The Maryland Casualty Co.*, 60 P.R.R. 808. Since plaintiff failed to prove this item for damages the lower court erred in awarding compensation for $230.

 Lastly defendant complains that the court imposed costs and $150 for attorney's fees.

Since judgment was rendered against the defendant, the lower court was bound to impose costs. As to attorney's fees, it is discretionary with the trial court to impose them, taking into account the degree of obstinacy, of guilt in the litigation, and the services necessarily rendered by the attorney of the adverse party. We do not find in the present case any reason for disturbing the discretion of the trial judge as to this pronouncement.

After having discussed the errors assigned by the defendant, we believe it will serve no useful purpose to consider the only one assigned by the plaintiff, that is, that the amount of the judgment be increased to $2,625 claimed by her in the complaint. The judgment of the lower court must be reduced, according to the conclusions which we have reached in this opinion in discussing the errors assigned by the defendant, to the amount of $1,491.09, leaving undisturbed the imposition of costs and attorney's fees, and as thus modified, the judgment is affirmed.

